IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN P. FIELDER                           Case No. 3:14-cv-00523-MA

        Plaintiff,                        OPINION AND ORDER

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

        Defendant.

MERRILL SCHNEIDER
Schneider, Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

SARAH L. MARTIN
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Kevin P. Fielder seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, this court reverses the decision of the Commissioner and remands this matter pursuant to sentence four of 42 U.S.C. §405(g) for further administrative proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for SSI on September 16, 2010, alleging disability beginning January 1, 2005, due to learning difficulties and breathing problems.

Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). An ALJ held a hearing on October 1, 2012, at which plaintiff appeared with his attorney and testified. A vocational expert, Paul K. Morrison, also appeared at the hearing and testified. On October 17, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Born in 1978, plaintiff was 34 years old on the date of the ALJ's adverse decision. Plaintiff has a ninth grade education. Plaintiff has past relevant work experience as a cannery worker and fast food worker.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since his application date, September 16, 2010. At step two, the ALJ found that plaintiff had the following severe impairments: respiratory disorder, borderline intellectual functioning, and history of drug and alcohol abuse. At step three, the ALJ found that plaintiff's impairments, or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform less than a full range of medium work as defined in 20 C.F.R. § 416.967(c) with several additional work limitations. Plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently; can stand and walk for six out of eight hours; can sit for six out of eight hours; and should avoid concentrated exposure to dust, odors, fumes, and other environmental irritants. Plaintiff is also limited to performing simple routine tasks.

At step four, the ALJ found plaintiff is able to perform his past relevant work as both a cannery and fast food worker. Accordingly, the ALJ concluded that plaintiff has not been under a disability under the Social Security Act from September 16, 2010, through the date of the decision.

## ISSUES ON REVIEW

On appeal to this court, plaintiff contends that the ALJ improperly found that his impairments did not meet or equal Listing 12.05C.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I. The ALJ Erred at Step Three in Evaluating Listing 12.05C

The Social Security Regulations' "Listing of Impairments" generally describes impairments that are so severe as to be considered presumptively disabling, without further consideration of a claimant's residual functional capacity, past relevant work, or other jobs. 20 C.F.R. § 416.920(d). A diagnosis of a listed impairment is not sufficient; the claimant must also satisfy the findings shown in the listing of that impairment. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). A claimant has the burden to establish that he or she meets or equals the criteria for

a listed impairment based on medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Tackett*, 180 F.3d at 1100.

Listing 12.05C provides in relevant part:

Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, *i.e.* the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

. . . .

. . . .

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (hereinafter Listing 12.05C).

If claimant's impairment "satisfies the diagnostic description in the introductory paragraph of [Listing 12.05] and any one of the four sets of criteria, [the court] will find that [his] impairment meets the listing." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013). Because the introductory paragraph of Listing 12.05 requires that the "evidence demonstrates or supports onset of the impairment before age 22, the first prong appears intended to limit coverage to an innate condition, rather than a condition resulting from a disease or accident in adulthood." *Gomez v. Astrue*, 695 F.Supp.2d 1049, 1061 (C.D. Cal. 2010) (citation and quotation marks omitted). The introductory paragraph also provides that "[t]he

required level of severity for [Listing 12.05] is met when the requirements in A, B, C, or D are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Thus, for purposes of plaintiff's alleged disability, plaintiff must satisfy (1) deficits in adaptive functioning prior to age 22; (2) a valid verbal, performance, or full scale IQ score of 60 through 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation. *Kennedy*, 738 F.3d at 1176.

As an initial matter, the parties do not appear to dispute that plaintiff meets prongs two and three in Part C of Listing 12.05C. As the Commissioner concedes in her brief, the ALJ's reasons for discounting plaintiff's verbal Intelligence Quotient (IQ) score were erroneous, and plaintiff has a valid verbal IQ score of 69 and another impairment imposing an additional significant work-related limitation of functioning. Def. Br. (#17), pp. 3, 5. The ALJ determined at Step Two that plaintiff had the severe impairment of a respiratory disorder. Nothing more is required to satisfy Part C of 12.05. *See e.g., Stavrakis v. Colvin*, No. 6:12-cv-01929-SI, 2014 WL 1584494, at *6 (D. Or. Apr. 21, 2014)("If the ALJ finds that a claimant has another severe impairment at step two of the sequential analysis, then [Part C] is satisfied.").

Consequently, the Commissioner requests this court to remand for further proceedings for two outstanding issues: (1) to

7 - OPINION AND ORDER

determine if plaintiff meets prong one of Listing 12.05 (deficits in adaptive functioning prior to age 22); and (2) whether plaintiff's drug and alcohol abuse are material to the finding of disability. Plaintiff disagrees and argues that record as a whole supports remand for immediate calculation and award of benefits. Given the ambiguity in the record, as discussed below, further proceedings are required.

### A. Deficits in Adaptive Functioning Prior to Age 22

In the decision, the ALJ found that plaintiff's impairments do not meet or equal the criteria of Listing 12.05C. Tr. 22. However, the ALJ only discussed prongs two and three in Part C of Listing 12.05. Tr. 23. In rejecting the validity of plaintiff's verbal IQ score, the ALJ cited to plaintiff's "many years as a laborer and fast food worker," and that plaintiff "only made fairly good effort" on testing. Tr. 23. The ALJ provided no finding on whether plaintiff satisfies prong one, deficits in adaptive functioning prior to age 22 set forth in the introductory paragraph. Regardless, this Court retains the jurisdiction to review the ALJ's overall finding that plaintiff does not meet Listing 12.05C for substantial evidence.

Plaintiff argues that the record provides circumstantial evidence supporting a finding of deficits in adaptive functioning prior to age 22. Plaintiff's argument is partially correct.

A showing of early onset for the purposes of Listing 12.05C does not require clinical or IQ tests. *Lewis v. Astrue,* No. C 06-6608-SI, 2008 WL 191415, *7 (N.D. Cal. Jan. 22, 2008). Evidence that demonstrates deficits in adaptive functioning before age 22 may be circumstantial. Relevant circumstantial evidence includes difficulties with reading and writing, attendance of special education classes, and dropping out of school. *Pedro v. Astrue,* 849 F.Supp.2d 1006, 1011-12 (D. Or. 2011); *Campbell v. Astrue,* No. 1:09-cv-00465GSA, 2011 WL 444783, *17 (D. Or. Feb. 8, 2011); *Gomez,* 695 F.Supp.2d at 1058-59; *Payne v. Astrue,* No. CV-08-1754-PHX-LOA, 2010 WL 654319, *11 (D. Ariz. Feb. 23, 2010).

As plaintiff correctly noted, the record provides circumstantial evidence consistent with adaptive functioning deficits prior to age 22.[1] At the hearing, plaintiff testified that he attended special education classes, repeated the second grade twice, and dropped out of school after completing the ninth grade. Tr. 40. Plaintiff also testified that he attempted to get his GED and attended classes for three days before giving up because the material was too difficult to understand. *Id.* Plaintiff further testified that he does not have a driver's license and attempted to

---

[1] The Court recognizes that evidence in the record suggestive of deficits in adaptive functioning prior to age 22 stems largely from plaintiff's own testimony, which the ALJ discounted. Neither party directly challenges the ALJ's negative credibility assessment. Nevertheless, after careful review of the record, I conclude that the ALJ's negative credibility assessment is not supported by substantial evidence.

9 - OPINION AND ORDER

study for the driving test, but could not understand the driver's education manual. Tr. 55, 56.

Furthermore, contrary to the Commissioner's argument, evidence of plaintiff's unskilled work history is not inconsistent with a finding of deficits in adaptive functioning prior to age 22. Evidence of some work history and possessing average living skills does not indicate that a claimant does not have deficits in adaptive functioning. *See Pedro*, 849 F.Supp.2d at 1014 ("[D]aily activities such as reading, driving, and cleaning are not necessarily inconsistent with [meeting Listing 12.05C]"); *see also Gomez*, 695 F.Supp.2d at 1057 (noting that Listing 12.05C is structured differently than other mental disorder listings and that a claimant can satisfy Listing 12.05A-C "without having to demonstrate a disabling, or even severe, level of mental functional impairment").

Here, plaintiff's work history is unskilled and limited, which may be consistent with deficits in adaptive functioning prior to age 22. In a work history form, plaintiff indicated that he worked as a fast food worker but his tasks included sweeping and taking out the garbage; he noted that he could not work with customers because he would get confused and frustrated. Tr. 209. Plaintiff also described a job in a seafood cannery packing fish from a conveyor belt. Tr. 210. Plaintiff reported to a consultative examiner that he attempted work as a stocker at Kmart but was fired

after one month. Tr. 240. At the hearing, plaintiff testified that he worked for several years as a furniture loader but the work was infrequent. Tr. 60-61. Additionally, the vocational expert (VE) testified at the hearing that plaintiff's past relevant work is unskilled.[2] Tr. 66. Overall, plaintiff's total earnings never surpassed $3,500 in a single year. Tr. 167. Accordingly, the record provides some circumstantial evidence to suggest the presence of an intellectual disability prior to age 22, and the ALJ failed to address this evidence in the context of his Step Three finding. Thus, the ALJ's overall finding that plaintiff does not meet Listing 12.05C is unsupported by substantial evidence.

Although several circuit and district courts have held that a valid adult IQ score can be reflective of an impairment manifested during the claimant's developmental phase, such a presumption is applied only in the absence of evidence of an injury or disease affecting a claimant's IQ during adulthood.[3] *See, e.g., Brooks v. Astrue*, No. 3:11-cv-01252-SI, 2012 WL 4739533, n. 3 (D. Or. Oct. 3,

---

[2] In the decision, the ALJ readily admits that, although he found plaintiff had past relevant work, "it is unclear if the claimant performed these jobs at substantial gainful activity levels." Tr. 28. The very definition of "past relevant work" is work performed in the past fifteen years and *that was substantial gainful activity*. 20 C.F.R. § 416.960(b)(1). However, because I find that the ALJ erred at Step Three, it is unnecessary to review the ALJ's Step Four error.

[3] The Ninth Circuit has not addressed whether a valid adult IQ score is entitled to a presumption that the impairment existed during claimant's developmental phase. *Glenn v. Colvin*, No. 3:12-cv-00886-AA, 2013 WL 3046871, *3 (D. Or. June 11, 2013).

2012)("While Mr. Brooks has a history of motorcycle and automobile accidents, there is no evidence in the record suggesting that he suffered diminished intelligence as a result of those accidents."); *Pedro*, 849 F.Supp.2d at n.2 ("there is no evidence in the record to suggest that plaintiff's mental impairment began sometime after she reached age 22. Plaintiff denied any drug use, nor is there any medical evidence in the record to suggest a decrease in intellectual capacity due to disease or accident."); *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001)("absent evidence of sudden trauma that can cause retardation, IQ tests create a rebuttable presumption of a fairly constant IQ throughout life")(citations omitted). *See also Clark v. Astrue,* No. CIV S-10-2863 GGH, 2012 WL 423635, *5 (E.D. Cal. Feb. 8, 2012); *Taylor v. Astrue,* No. 1:09-cv-01219-SKO, 2011 WL 4055243, *13 (E.D. Cal. Sept. 12, 2011); *see also Maresh v. Barnhart,* 438 F.3d 897, 900 (8th Cir. 2006); *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir.2001)(rebuttable presumption unless change in intellectual functioning).

In this case, there is evidence in the record of head trauma, which may have altered plaintiff's intellectual functioning after age 22, contrary to plaintiff's argument. In a March 1, 2007 consultative examination, Kathleen S. Mayers, Ph.D., noted a verbal IQ score of 69, a full scale IQ score of 77, and a performance IQ score of 90. Tr. 243. Dr. Mayers noted that the "significant

12 - OPINION AND ORDER

difference between [plaintiff's] verbal and performance capabilities ... could indicate brain function problems or even damage or more serious ongoing problems of the left hemisphere of the brain." Id. Dr. Mayers diagnosed plaintiff with possible cognitive disorder, cannabis abuse, amphetamine dependence, alcohol abuse, and borderline intellectual functioning. Tr. 244. With regard to the diagnosis of a cognitive disorder, Dr. Mayers opined that this disorder may partially relate to plaintiff's substance abuse, history of head injuries and/or dysfunction of the brain. Tr. 244. Indeed, plaintiff reported to Dr. Mayers that he had been involved in several car and motorcycle accidents and suffered head injuries. Tr. 239.

The record contains insufficient evidence of plaintiff's head injuries. Plaintiff did not indicate exactly when these injuries occurred, and the medical record is also silent with respect to these accidents. Because the introductory requirement of Listing 12.05 appears to "limit coverage to an innate condition" rather than a decrease in intelligence due to adulthood injury, evidence of plaintiff's traumatic brain injuries is relevant in evaluating whether plaintiff's intellectual impairment manifested prior to age 22. Gomez, 695 F.Supp.2d at 1061.

Moreover, the record is also insufficiently developed on whether plaintiff's substance abuse affected plaintiff's intellectual functioning after age 22. Dr. Mayers opined that

13 - OPINION AND ORDER

plaintiff's cognitive disorder may partially relate to his substance abuse but failed to elaborate, and the record documents significant past drug abuse. For example, plaintiff reported to Dr. Mayers that he used marijuana as early as 13 and methamphetamine as early as age nineteen. Tr. 239. Dr. Mayers also noted that plaintiff reported drinking alcohol on the weekends. *Id.* A February 1, 2008 treatment note indicated that plaintiff admitted to drinking one and a half cases of alcohol, presumably beer, a week. Tr. 253. At the hearing, plaintiff testified that he quit using methamphetamine in 2008, but plaintiff continues to use marijuana occasionally. Tr. 54.

In summary, because circumstantial evidence in the record may support an inference of deficits in adaptive functioning prior to age 22, substantial evidence does not support the ALJ's overall Step Three finding that plaintiff does not meet Listing 12.05C. Nevertheless, Dr. Mayers's examination and opinion suggest that plaintiff's intellectual impairment may have manifested after age 22. Because the record as a whole is ambiguous as to whether plaintiff's impairment manifested prior to age 22, thereby meeting Listing 12.05C, remand for further proceedings is necessary. The ALJ "is in a better position than this court" to weigh the evidence and make that determination. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

## II. Credit as True

After finding the ALJ erred, this court has the discretion to remand for further proceedings or for immediate payment of benefits. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record is fully developed. *Vasquez*, 572 F.3d at 593.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

Where it is not clear that the ALJ would be required to award benefits were the improperly rejected evidence credited, the court has discretion whether to credit the evidence. *Connett v. Barnhart*, 340 F.3d 873, 876 (9th Cir. 2003). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). Moreover, "[plaintiff] is not entitled to benefits under the statute unless

[he] is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Commissioner of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

On this record, I conclude that outstanding issues must be resolved before a final determination of disability can be made. The ALJ erred at Step Three in finding that plaintiff's verbal IQ score of 69 was not valid. It appears that the ALJ did not fully consider whether the evidence supports a finding of deficits in adaptive functioning prior to age 22, one of the criteria of Listing 12.05C. As discussed above, it is not clear from the record that plaintiff must be found disabled at Step Three. Therefore, it is unclear whether plaintiff's impairment meets the criteria of Listing 12.05C.

Additionally, the record is not fully developed. As discussed previously, plaintiff reported to Dr. Mayers that he was in several car and motorcycle accidents, which resulted in head injuries. It is necessary to obtain medical records from these accidents, if available, to determine if a head injury altered plaintiff's IQ after age 22. Further clarification from Dr. Mayers regarding her opinion of plaintiff's cognitive disorder and IQ testing would also be beneficial. Moreover, evidence of plaintiff's educational records may also provide clarity on the issue of deficits in adaptive functioning prior to age 22.

16 - OPINION AND ORDER

Finally, plaintiff's significant substance abuse is also an outstanding issue. As the Commissioner correctly contends, if plaintiff is found disabled, further proceedings are necessary to determine if plaintiff's drug and alcohol abuse is material to the finding of disability.[4] 42 U.S.C. §§ 423(d)(2)(C), 1328c(a)(3)(J); Social Security Ruling 13-2p, *available at* 2013 WL 621536, at *2. Dr. Mayers opined that plaintiff's substance abuse may have affected his mental functioning. Tr. 244. Another consultative examiner opined that "with abstinence from drug use and appropriate medication management, [plaintiff's] deficits may diminish somewhat and allow him to be more employable in the future." Tr. 299. As discussed above, plaintiff still occasionally uses marijuana. Moreover, further clarification of the effect of plaintiff's past substance abuse on his intellectual functioning is also necessary.

Accordingly, the proper remedy is to remand for further administrative proceedings. Thus, I decline to order immediate award of benefits because the record as a whole creates serious

---

[4] As plaintiff correctly notes, the ALJ found that plaintiff's substance abuse is not material to the determination of disability because "medical records do not indicate that claimant's occasional marijuana abuse causes any significant functional limitations." However, as discussed above, two examining physicians' opinions contradict this finding. Tr. 244, 299. Because the ALJ provided no rationale for rejecting the examining physicians' opinions, I conclude that the ALJ's finding that plaintiff's drug and alcohol abuse is not material to the finding of disability is not supported by substantial evidence. Consequently, plaintiff's argument fails.

doubt as to whether plaintiff is, in fact, disabled. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Based on the foregoing, I exercise discretion under *Connett* and conclude a remand for further proceedings is required to permit the ALJ: (1) to further develop the record by obtaining treatment notes for plaintiff's previous head injuries and his education records; (2) determine whether plaintiff had deficits in adaptive functioning prior to age 22 and meets Listing 12.05C, consulting a medical expert if necessary; and (3) further evaluate plaintiff's credibility.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision denying benefits to plaintiff is REVERSED and this proceeding is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this __13__ day of April, 2015.

Malcolm F. Marsh
United States District Judge

18 - OPINION AND ORDER